Argued and submitted February 26, affirmed April 30, 1986

# VAUGHN,
*Respondent,*

*v.*

## UNITED STATES NATIONAL
## BANK OF OREGON,
*Appellant.*

(84-C-250886; CA A36248)

718 P2d 769

Gary Roberts, U.S. Bancorp Law Division, Portland, argued the cause and filed the brief for appellant.

J. William Savage, Portland, argued the cause for respondent. With him on the brief were Janie M. Burcart, and Rieke, Geil & Savage, P.C., Portland.

Before Richardson, Presiding Judge, and Warden and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff brought this action pursuant to the Truth in Lending Act, 15 USC § 1601 *et seq,* to recover amounts that defendant bank charged against his account to cover withdrawals made by a third person through the unauthorized use of plaintiff's VISA card in defendant's automatic teller machines. Defendant appeals from a judgment for plaintiff, entered on a jury verdict. We affirm.

Plaintiff furnished his VISA card and personal identification number to Riley, his brother's girlfriend, two or three times in February and March, 1983. Plaintiff did so to enable Riley to obtain cash from defendant's automatic teller in order to make purchases on plaintiff's behalf. Each time, Riley did what plaintiff requested her to do and then returned the card to him, along with the teller receipt and the change that plaintiff had coming. In April, Riley moved into the house that plaintiff shared with his brother. On three occasions thereafter, she stole plaintiff's card from his wallet, used it to obtain money for her own use from defendant's machines and then put the card back into plaintiff's wallet.

The money that Riley obtained through use of the card after she moved into plaintiff's house is the subject of this action. Defendant acknowledges that that use of the card was "without [plaintiff's] knowledge or approval." Defendant has procedures whereby a person who has reason to believe that someone is using his card without authorization can telephone and "block" the transaction or obtain a new identification number for activating the automatic teller. Plaintiff did not avail himself of those procedures. He was not aware of Riley's defalcation until defendant notified him that his account was overdrawn.

Under 15 USC § 1643, a cardholder's liability to the issuer for a third person's unauthorized use of a card cannot exceed $50. Defendant agrees that, had plaintiff *never* authorized Riley to use his card, his liability for her subsequent unpermitted use of it would be limited to $50. However, defendant argues that it is entitled to charge plaintiff's account for the full $450 of Riley's unauthorized withdrawals, because plaintiff did not notify defendant that he had terminated the actual authority which he had previously given Riley to use the card and she therefore retained apparent

authority to use it on the later occasions. *See* 15 USC § 1602(o) (excluding use with apparent authority from the definition of "unauthorized use.")[1] Defendant buttresses its argument with an ornate dissertation on the law of agency and with distinguishable case authority from other jurisdictions. Defendant also notes:

> "While plaintiff's judgment is relatively small, defendant, as well as other credit card issuers regularly are faced with similar claims ranging from this factual situation, to the case where the cardholder grants actual authority to use the card to a stated amount and that amount is exceeded, to the case where a spouse is granted actual authority to use the card prior to the termination of the relationship, but the estranged or former spouse continues to use the card after the relationship has ended. This court's decision in this case will impact financial institutions' decisions on all of these situations."

Plaintiff responds that "[t]he concept of apparent authority is irrelevant to this case" and:

> "Plaintiff created and terminated actual authority for the thief to use his VISA credit card and personal identification number (PIN) prior to the transaction at issue * * *. When the thief later stole plaintiff's card and misused it * * *, she did so without any authority."

Plaintiff also observes:

> "Defendant hints that * * * although this case involves a mere $450 loss, its economic impact will be great because of its potential 'slippery slope' precedent. This is not only irrelevant to a just decision, it is also highly unlikely. Each case is unique to its own facts, and plaintiff asks this court to squarely limit its decision to this case."

Both of plaintiff's points are correct. This is not a case in which the cardholder overtly communicated to the issuer that the thief had ongoing authority to use the card and then failed to follow the issuer's procedures for terminating the authority. *Compare Walker Bank & Trust Co. v. Jones,* 672 P2d 73 (Utah 1983), *cert denied sub nom Harlan v. First Interstate Bank of Utah,* 466 US 937 (1984). This case also differs from those in which the holder of a card authorizes a

---

[1] We stress that the agency theory is the *only* one by which defendant attempts to attach responsibility for Riley's withdrawals to plaintiff.

third person to use it and, while in possession of the card for the authorized purpose, the user exceeds the authorization. *Compare Martin v. American Express, Inc.,* 361 So 2d 597 (Ala Civ. App. 1978). The simple facts here are that plaintiff authorized Riley to use the card on two or three occasions; neither she nor he communicated anything to defendant—or its insentient machine—which in any way suggested that her authority was to survive those occasions; and, on later and unrelated occasions, Riley stole the card and used it without authority. We conclude that Riley had no more apparent authority under these facts than would a thief with whom plaintiff had had no previous dealings.

Affirmed.[2]

---

[2] Defendant's other assignments require no discussion.